No. 39.—HOUSTON AYCOCK, plaintiff in error *vs.* ALFRED BUFFINGTON, guardian of Phebe Ryle, defendant in error.

[1.] The commissions of Sheriffs on money raised by levy and sale, are regulated according to the amount of the executions.   On executions not exceeding in amount sixty-four dollars and twenty-eight cents, they are entitled to 6¼ per cent.   On executions which do not exceed four hundred and twenty-eight dollars and fifty-six cents, 3⅛ per cent.   And on executions which do exceed that sum, 1¼ per cent.

[2.] And on all balances remaining to be paid to the defendant in execution, or otherwise disposed of, the Sheriff is entitled to the same commissions relatively to amount, as in case of executions.

Rule against Sheriff.   From Floyd Superior Court.   Tried before Judge WRIGHT.   October Term, 1846.

Aycock *vs.* Buffington.

For the circumstances of the case and the points made and decided, see the opinion delivered by the Supreme Court.

WILLIAM H. UNDERWOOD, for the plaintiff in error.

HOOPER & MITCHELL, for the defendant in error.

*By the Court* — NISBET, J. delivering the opinion.

It appears by this record, that the Sheriff had in his hands three small executions, each under the sum of sixty-four dollars and twenty-eight cents, and amounting in all to one hundred and thirty-eight dollars.   To pay these, he levied upon and sold a negro woman and an infant child, which brought the sum of six hundred dollars.   Upon the whole sum he retained the highest amount of commissions allowed by law, to wit, 6¼ per cent. ; and after satisfying the executions, the remainder of the sum was paid to the defendant in execution.   The point being made before Judge Wright, on a rule against him, he was allowed 6¼ per cent. on the amount of the executions, and no more.   It is this decision which we [1.] are now called upon to review, and in so doing we will be required to give a construction to our Statute of 1792, regulating Sheriffs' fees. The question involves no important principle, and is important only in this, that different constructions of this Act having obtained in our Circuit Courts, our judgment will have the effect of making the fees of the Sheriffs the same throughout the State.   That part of the Act of 1792, with which we have at present to do, regulates the Sheriff's commissions as follows:   "On all sums where the execution does not exceed sixty-four dollars and twenty-eight cents, five per centum on the amount of property sold; on all sums above sixty-four dollars and twenty-eight cents, and where the execution does not exceed four hundred and twenty-eight dollars and fifty-six cents, two and one-half per centum ; on all sums where the execution exceeds four hundred and twenty-eight dollars and fifty-six cents, one per centum."   *Prince,* 259.   A subsequent statute added to the commissions thus allowed by the Act of 1792, twenty-five per centum ; which makes the per cent., as regulated by law, *six and one-fourth, three and one-eighth, and one and one-fourth.*

The construction upon which the Sheriff insisted before the Court below, to wit, that he is entitled to six and one-fourth per cent. on the whole amount of the sales, is founded upon the first

clause of the section of the Act above quoted; that clause declares, that where the *execution* does not exceed sixty-four dollars and twenty-eight cents, the Sheriff's fees shall be 5 per cent. (with 25 per cent. added by the subsequent act) on the *amount of property sold.* It is claimed that the last words entitle him to the highest rate of commissions on the amount of the sales, irrespective of the amount of the executions, provided the execution which brings the money into court does not exceed the sum of sixty-four dollars and twenty-eight cents. This construction may be drawn from this clause, but it is merely literal, and not in accordance with the spirit and fair intent of the whole section. The construction which the Court below gave to it, makes the amount of the execution the sole criterion by which to ascertain its meaning. This construction allows the Sheriff nothing upon the amount of sales remaining after the amount of executions is paid, and *so far we think is wrong;* the other construction, to which we have adverted, gives the Sheriff too much. There is a third, and, it seems to us, a better construction than either.

The judgment we rendered in this cause had reference to the case made in the record, and did not lay down any rule of universal application in settling Sheriff's commissions. According to this record there was but one class of executions sharing in the distribution of the fund raised, and they respectively did not exceed in amount sixty-four dollars and twenty-eight cents; after paying these, there remained a considerable balance which was paid to the defendant in execution. Our judgment was, that the Sheriff receive 6¼ per cent. upon the amount of each of the executions, 3⅛ per cent. or 1¼ per cent. upon the remainder of the sum for which the property sold, according as that remainder exceeded or did not exceed four hundred and twenty-eight dollars and fifty-six cents. This we think a fair construction of the statute, as applicable to all cases of like character. But the judgment is not, and in the nature of the case, could not be so explicit as to amount to a construction of the law in question, as applicable to other and different state of facts. We say therefore further, that where there are executions in the officer's hands not exceeding in amount sixty-four dollars and twenty-eight cents, he is entitled to 6¼ per cent. upon each of these; and if there are also executions in his hands seeking payment out of the same fund, which respectively do or do not exceed in amount four hundred and twenty-eight dollars and fifty-six cents, then upon each of such executions he is enti-

tled to receive 3⅛ per cent. or 1¼ per cent. according as they may or may not in amount exceed the sum of four hundred and twenty-eight dollars and fifty-six cents; if they do exceed that sum he is entitled only to 1¼ per cent; if they do not, then to 3⅛ per cent. And further, if in such a case there is still a balance remain- [2.] ing to be returned to the defendant, or to be otherwise disposed of, he is entitled to commissions on that balance as if in execution, according to the amount of it, as above stated.

This interpretation is not only equitable but the true meaning of the language of the statute. It is equitable, for it gives to the Sheriff commissions upon the whole amount of the sale, and a compensation for every settlement he makes, whilst it adjusts the amount of the compensation as the statute designed to adjust it, to the amount of each settlement. The legislature could not have intended that the amount of the sales should regulate the commissions, for upon that hypothesis, there was no necessity for mentioning at all the amount of the executions. Upon that construction the act is grossly inequitable, giving for example, where a negro is sold under an execution of thirty dollars, for six hundred dollars, about six times the amount of commissions which he would get were the same property sold for the same amount under an execution of six hundred dollars. It is obvious that the legislature intended to pay the officer relatively to the amount of each execution in his hands for settlement; to small amounts are allotted large commissions, thus sixty-four dollars and twenty-eight cents pays him 6¼ per cent; an amount over four hundred and twenty-eight dollars and fifty-six cents, 1¼ per cent. It is demonstrated in this, that it is the *amount of the executions, which in the statute graduates the commissions.* It was doubtless the expectation of the legislature that the amount of the sale in each case would correspond as nearly as practicable with the amount of the executions to be paid, certainly very rarely to exceed that amount, because the Sheriff is prohibited under a very serious penalty, from making excessive levies. No provision it is true, is made for commissions upon balances, but we think they are within the equity of the statute. We, for these reasons, send this cause back with instructions in accordance with this opinion.